UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BERNARD HARDRICK, | |
| Plaintiff, | Case No. 24-cv-10484 |
| v. | Hon. Brandy R. McMillion |
| A. OLSEN, ET AL, | |
| Defendants. | |

## OPINION AND ORDER OF SUMMARY DISMISSAL

This is a *pro se* prisoner civil rights case filed under 42 U.S.C. § 1983. Plaintiff Bernard Hardrick is a Michigan prisoner currently incarcerated at the Baraga Maximum Correctional Facility. Hardrick sues two clerks employed at the Wayne County Circuit Court, an Assistant Wayne County Prosecutor, and three Michigan Department of Corrections employees. Hardrick claims that Defendants withdrew funds from his prison trust fund account exceeding the restitution, fines, and fees imposed by his Wayne County criminal judgments. The Court **SUMMARILY DISMISSES** the case because the Wayne County defendants are immune from suit, and because Hardrick fails to plead facts showing he has no post-deprivation remedies available under state law.

1

## I.

On March 16, 2016, Hardrick was convicted of several felony offenses in the Wayne Circuit Court under two cases. ECF No. 1, PageID.4 at ¶ 7. In addition to a lengthy term of imprisonment, in Case No. 15-007481-01-FH, the court ordered Hardrick to pay a total of $20,629 in restitution, fines, costs, and fees. *Id.* at ¶ 8. In Case No. 15-008119-01-FH, the court ordered him to pay an additional $1,402. *Id.* at ¶ 9. Prior to that trial, Defendant Assistant Wayne County Prosecutor Willis seized $4,318.80 from Hardrick's bank account, and the trial court ordered a deduction of that amount from the restitution owed on the judgments. *Id.*

Hardrick asserts that on December 19, 2017, the Michigan Court of Appeals reversed his convictions and remanded the cases for a new trial. *Id.* at PageID.5; ¶ 11. In August of 2018, Hardrick was again convicted at trial. *Id.* Hardrick claims that the court resentenced him to another substantial prison term on March 6, 2019. *Id.* at ¶ 13. The new judgments of sentence, however, provided for a reduced restitution amount of $1,566 in Case No. 15-007481-01-FH and the same amount, $1,566, owed in Case No. 15-008119-01-FH. *Id.* Hardrick attaches what he purports to be copies of the new judgments to the Complaint showing the reduced amounts. *Id.* at PageID.34, 36.

The Complaint alleges that despite the new reduced amounts owed, the Defendants continue to remove funds from Hardrick's prison account to satisfy the original total:

> In a nutshell, and as of [this] date, the Court has ordered payment of only $1,566 for each case file (15-007481/15-008119) for the sum total of $3,132.00 . . . . Defendant [assistant prosecutor] Willis has taken $4,318.80 from . . . Plaintiff[,] which she alleged to have paid towards the so-called victims, yet it was never deducted or counted towards the payment of any restitution as ordered by the Court. "MDOC Staff" Defendants have collected upwards of $3,500 from the Plaintiff's "Prisoner Trust Account" (Appendix H) contrary to the Court order they received to only collect $1,566 for each case file and have increased and retained the unlawful collection of over $20,000 in fee/fines/restitution, and has failed to forward the $3,500 over to the Court as depicted in the Register of Actions; and the "Court Clerk" Defendants have foisted and manipulated the Court's record by computing court charges into the system that has not been ordered by the Court in which the "MDOC Staff" Defendants nafariously [sic] rely on as an excuse to continue taking money from the Plaintiff that the Court has not ordered.

*Id.* at PageID.8; ¶ 23.[1]

Hardrick claims he filed complaints and grievances in the MDOC and legislative ombudsman's office, but they denied relief. *Id.* at PageID.8; ¶¶ 25-26. He asserts that the MDOC instructed him to seek relief with the trial court. *Id.* at ¶ 25. Hardrick indicates he filed a grievance against the assistant prosecutor with the

---

[1] As of June 7, 2024, the publicly available trial court docket sheet shows that Hardrick has a balance due in Case No. 15-007481-01-FH of $19,009.52, and $3.299.50 in Case No. 15-008119-01-FH. *See* https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=2492148 (last accessed June 19, 2024).

attorney grievance commission, and he filed a motion in the trial court about the matter, but the court never addressed the issue. *Id*. at PageID.9; ¶¶ 27-28. Hardrick asserts that Defendants' actions violated his Fourteenth Amendment rights to due process and the Takings Clause. *Id.* at ¶ 30. Hardrick seeks declaratory relief, $50,000 in compensatory damages, $50,000 in punitive damages, and $5,000 in nominal damages. *Id.* at PageID.10.

## II.

Plaintiff has been granted leave to proceed in forma pauperis. ECF No. 6. The Prison Litigation Reform Act ("PLRA") authorizes the Court to *sua sponte* dismiss a prisoner complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

Courts liberally construe *pro se* civil rights complaints. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible

4

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

To state a federal civil rights claim, a plaintiff must allege that he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-156 (1978). However, a complaint can be dismissed "on the basis of an affirmative defense if the facts conclusively establish the defense as a matter of law." *In re McKenzie*, 716 F.3d 404, 412 (6th Cir. 2013).

### III.

Hardrick raised civil rights claims against several defendants. The Court is summarily dismissing all claims against all defendants and will address each in turn.

**A.  Claims Against Garrett and Word**

The Complaint asserts that Defendants Garrett and Word, clerks for the Wayne Circuit Court, have manipulated court records so that they can continue to collect the amounts contained in Hardrick's original judgments "for the court clerks' own personal gain." ECF No. 1 at PageID.7; ¶ 22. However, the Court must dismiss

Defendants Garrett and Word from the case because they are entitled to judicial immunity.

Generally speaking, judges "have broad immunity from being sued." *Norfleet v. Renner*, 924 F.3d 317, 319 (6th Cir. 2019) (citing *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam)). However, judicial "immunity is not limited to judges alone. It protects in equal measure officers who perform judicial duties[.]" *Id*. (citing *Foster v. Walsh*, 864 F.2d 416, 417-18 (6th Cir. 1988) (per curiam)). "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994); *see also Huffer v. Bogen*, 503 F. App'x 455, 461 (6th Cir. 2012) (citing *Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir.1997) ("One who acts as the judge's designee, and who carries out a function for which the judge is immune, is likewise protected.")). Quasi-judicial immunity applies to court clerks. *Huffer*, 503 F. App'x at 461 (citing *Foster*, 864 F.2d at 417). A court clerk is entitled to absolute immunity when performing judicial functions, even if acting erroneously, corruptly, or in excess of jurisdiction. *See Boling v. Garrett*, No. 08-12117, 2008 U.S. Dist. LEXIS 50500, 2008 WL 2610234 * 2 (E.D. Mich., Jun. 30, 2008) (citing *Mireles*, 502 U.S. at 9-10; *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996)).

The facts alleged in the Complaint involve these two Defendants' duties as court clerks to effectuate and enforce a criminal judgment of sentence. It is clear that "enforcing or executing a court order is intrinsically associated with a judicial proceeding" and invokes quasi-judicial immunity. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994); *see also Harris v. Suter*, 3 F. App'x 365, 366 (6th Cir. 2001) (clerk filing or refusing to file a document with the court is entitled to immunity). And even though Plaintiff claims that Defendants Garrett and Word were acting in bad faith and for personal gain, they are nevertheless entitled to immunity. *See Mireles*, 502 U.S. at 11 (allegations of bad faith or malice do not overcome judicial immunity). Consequently, the Court hereby dismisses Defendants Garrett and Word from the case.

**B.      Claims Against Willis**

The Court must dismiss Defendant Willis from the case for a similar reason. Willis is an Assistant Wayne County Prosecutor. "[P]rosecutorial immunity shield[s] a prosecutor from suit under § 1983 for conduct 'initiating a prosecution and in presenting the State's case,' so long as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Rouse v. Stacy*, 478 F. App'x 945, 948 (6th Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *Howell v. Sanders*, 668 F.3d 344, 349-50 (6th Cir. 2012) (quoting *Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir. 1997)) ("The critical inquiry is how closely related is the

prosecutor's challenged activity to his role as an advocate intimately associated with the judicial phase of the criminal process.").

Here, the extent of Willis' alleged involvement in Hardrick's Complaint arises solely from her pretrial seizure of funds from his bank account and her alleged distribution of those funds to the victims. Hardrick asserts that Willis failed to take action to ensure that the court credited the amount seized prior to trial to his judgment. Such allegations are "intimately associated with the judicial phase" of the criminal process, entitling Willis to prosecutorial immunity. *Rouse*, 478 F. App'x at 948 (citation omitted); *see also Howell*, 668 F.3d at 349-51. Therefore, the Court also dismisses Willis from the case.

**C.    Claims Against Olsen, Frieberger, and Buck**

Left before the Court are Hardrick's claims against the three MDOC employees, Defendants Olsen, Frieberger, and Buck, who Hardrick asserts are responsible for managing his prison account. Hardrick claims that these defendants refused to update their records to show the lesser balances owed, and they continue to withdraw funds from Hardrick's account in excess of the amount owed under the new judgments. He claims that the unauthorized withdrawals from his account violate his rights under the Fourteenth Amendment.

Hardrick's due process claim is barred by *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327

(1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. 451 U.S. at 541. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Id*. at 537. Courts also extend this rule to intentional deprivations of property. *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (citing *Hudson v. Palmer*, 468 U.S. 517, 533-36 (1984)). In the § 1983 context, when claiming a deprivation of a property interest, "the plaintiff must plead and prove that state remedies for redress are inadequate." *Copeland*, 57 F.3d at 479 (citing *Vicory v. Walton*, 721 F.2d 1062 (6th Cir. 1983)).

Here, Hardrick is not challenging the collection of his funds under a proper application of MDOC policies and procedures. Rather, he argues that the MDOC defendants are not complying with state law by willfully failing to update their records to reflect his new judgment of sentence. Because Hardrick premised his claims upon allegedly intentional and unauthorized acts of state officials, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland*, 57 F.3d at 479-80; *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). A prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197, 198-199 (6th Cir. 1985).

9

Even though Hardrick asserts that he has unsuccessfully filed grievances against these defendants in the MDOC, he also must allege facts showing that state post-deprivation remedies are inadequate. Hardrick has not pled any facts showing that it would be futile for him to assert his claims in state court. *See Gibbs*, 10 F.3d at 377-78. The United States Court of Appeals for the Sixth Circuit has observed that Michigan law provides "several adequate post-deprivation remedies" to a prisoner asserting improper removal of money from his prison account. *Copeland*, 57 F.3d at 480. In similar cases, the Sixth Circuit has affirmed dismissal where the inmate failed to allege or show that state law post-deprivation remedies were inadequate. *Id*. at 479-480 (affirming dismissal of plaintiff's claim that defendants wrongly removed money from his prison account); *see also Mowatt v. Miller*, No. 92-1204, 1993 WL 27460, at *1 (6th Cir. Feb. 5, 1993) (affirming dismissal of plaintiff's claim based on an alleged misapplication of money to a deficit in his prison account); *Shabazz v. Lecureux*, No. 85-2014, 1986 WL 16140, at *1 (6th Cir. Dec. 5, 1986) (affirming dismissal of plaintiff's claim based on alleged illegal appropriation of money from his prison account). While Hardrick vaguely asserts that he filed a motion with the trial court regarding the failure to update court records and claims that the court ignored his arguments, he does not assert facts indicating when he filed the motion, whether the trial court ruled on it, or on what basis.

Because Plaintiff has not pled and proven facts indicating that state remedies are unavailable to redress the alleged deprivation of his property, he has failed to state a claim that the defendants violated his due process rights. *See Habich v. Wayne Cnty.*, 2022 WL 1569277, at *9 (E.D. Mich. May 18, 2022) ("Where such post-deprivation procedures readily are available, the Fourteenth Amendment is no remedy for plaintiffs who made no effort to redeem the property through those avenues"). Consequently, the Court should and does dismiss Defendants Olsen, Frieberger, and Buck from the case.

Accordingly, because the Court must dismiss each of the defendants, the Court hereby summarily **DISMISSES WITH PREJUDICE** the Complaint (ECF No. 1) in its entirety.

This is a final order that closes the case.

**IT IS SO ORDERED.**

Dated: June 20, 2024                                              s/Brandy R. McMillion
                                                                                  BRANDY R. MCMILLION
                                                                                  U.S. District Judge